[Cite as *McCoy v. Cicchini Ents., Inc.*, 2012-Ohio-1182.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| SARAH McCOY, et al., | : | JUDGES: |
|  | : | John W. Wise, P.J. |
|  | : | Julie A. Edwards, J. |
| Plaintiffs-Appellees | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2011CA00156 |
|  | : |  |
|  | : |  |
| CICCHINI ENTERPRISES, INC., | : | O P I N I O N |
| et al., |  |  |
|  |  |  |
| Defendants-Appellants |  |  |


CHARACTER OF PROCEEDING:          Civil Appeal from Stark County
                                  Court of Common Pleas Case No.
                                  2010CV03701

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           March 12, 2012

APPEARANCES:

For Plaintiffs-Appellees                    For Defendants-Appellants

TRACEY A. LASLO                             DONALD P. KOTNIK
325 East Main                               600 West Maple Street
Alliance, Ohio  44601                       North Canton, Ohio  44720

For Appellee – Kisling, Nestico & Redick, LLC

LORI E. BROWN
HOLLY M. OLARCZUK-SMITH
Gallagher Sharp
Sixth Floor – Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115

*Edwards, J.*

{¶1} Appellant, Cicchini Enterprises, Inc., appeals a judgment of the Stark County Common Pleas Court overruling its request for attorney fees for frivolous conduct. Appellees are Sarah and Ken McCoy and Kisling, Nestico & Redick, LLC.

## STATEMENT OF FACTS AND CASE

{¶2} On October 7, 2010, appellees Sarah and Ken McCoy filed the instant personal injury action against appellant and two John Doe defendants. The complaint alleged that appellant and/or John Doe #1 was the owner of premises located at 2496 West State Street in Alliance, and John Doe #2 was an employee of either appellant or John Doe #1, who was mopping the floor September 19, 2008. The complaint alleged that appellee Sarah McCoy fell on the slippery floor and was injured by the defendants' negligence. The second count of the complaint raised a loss of consortium claim on behalf of appellee Ken McCoy.

{¶3} On November 8, 2010, appellant filed a motion to dismiss for failure to file within the two-year statute of limitations. Appellees filed a response arguing that discovery might reveal that the employee whose negligence caused appellees' injuries was out of the State of Ohio, imprisoned or absconded during the two years following the incident, any of which would toll the statute of limitations pursuant to R.C. 2305.15. The trial court overruled the motion to dismiss, finding that while it appears from the complaint that the claims were time-barred, discovery might reveal that the employee whose negligence allegedly caused the injuries was out of the State of Ohio, imprisoned or absconded during the two years following the incident, any of which would toll the statute of limitations pursuant to R.C. 2305.15.

{¶4} During discovery, appellees discovered that the real owner of the restaurant in which Sarah McCoy fell was McDonald's Carnation, Inc. The court overruled their motion to join McDonald's Carnation, Inc. as a party to the lawsuit on March 3, 2011.

{¶5} Appellant filed a motion for summary judgment on January 4, 2011, arguing that Cicchini Enterprises was not the owner of the restaurant in which appellee Sarah McCoy fell and the action was filed outside the statute of limitations. The court granted the motion on March 28, 2011. The court noted that appellees had failed to produce evidence following discovery which would toll the statute of limitations and thus appellant was entitled to judgment as a matter of law. The court dismissed the complaint.

{¶6} Appellant filed a motion for attorney fees for frivolous conduct pursuant to R.C. 2323.51 on April 26, 2011. Appellees filed a response. Attached to the response was the affidavit of Kenneth M. Zerrusen, who is an attorney employed with the law firm of Kesling, Nestico & Redick, LLC, which represented appellees. He averred that prior to filing a complaint, he attempted to contact the owner/operator of the McDonald's restaurant in which appellee Sarah McCoy fell by calling the number the store manager had given the McCoys. He sent correspondence to Cicchini Enterprises on September 25, 2008, advising the company of his firm's representation of the McCoys and asking for their insurance information and the incident report. Appellant did not respond. On September 25, 2008, he also sent correspondence to the store manager of the McDonald's restaurant asking for the identity of the liability insurance carrier, and received no response. On November 6, 2008, he left a voice mail message for Mr.

Cicchini and received no response. He sent follow up correspondence to Ed Davila, the in-house adjuster and/or representative for appellant on December 30, 2008, and received no response. He spoke to Ed Davila on January 9, 2009, and was advised that Mr. Davila would investigate the claim and respond shortly. However, Attorney Zerrusen never received a response from Mr. Davila or from Cicchini Enterprises.

{¶7} The trial court overruled the motion for attorney fees on June 21, 2011. The court found that although appellees' claims were ultimately found to be time-barred, appellees' conduct was not frivolous. Appellant assigns a single error:

{¶8} "THE TRIAL COURT ERRED IN DENYING APPELLANT CICCHINI ENTERPRISES, INC.'S MOTION FOR FRIVOLOUS CONDUCT SANCTIONS WHERE THE COMPLAINT CONTAINED ALLEGATIONS DEMONSTRATING IT HAD BEEN FILED BEYOND THE STATUTE OF LIMITATIONS AND THERE WAS NO LAW OR ARGUABLE EXTENSION OF EXISTING LAW WHICH WOULD PERMIT THE FILING."

{¶9} R.C. 2323.51(B)(1) provides for the award of attorney fees to a party adversely affected by frivolous conduct:

{¶10} "(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or

appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section."

{¶11} Frivolous conduct is defined by R.C. 2323.51(A)(2):

{¶12} "(2) 'Frivolous conduct' means either of the following:

{¶13} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

{¶14} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

{¶15} "(ii) It is not warranted under existing law , cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

{¶16} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

{¶17} "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

{¶18} This Court has previously noted that no single standard of review applies in R.C. 2323.51 cases, and the inquiry necessarily must be one of mixed questions of law and fact. With respect to purely legal issues, we follow a de novo standard of review

and need not defer to the judgment of the trial court. *Kinnison v. Advance Stores Company*, Richland App. No. 2005CA0011, 2006-Ohio-222, ¶20.

{¶19} "When an inquiry is purely a question of law, clearly an appellate court need not defer to the judgment of the trial court. Id., citing *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 673 N.E.2d 628. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. Id. This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578." Id.

{¶20} Appellants argue that the complaint was clearly filed outside the applicable statute of limitations and therefore pursuant to R.C. 2323.51(A)(2)(a)(iii) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification or reversal of existing law.

{¶21} R.C. 2305.15 provides for the tolling of the statute of limitations under certain conditions:

{¶22} "(A) When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's

absence or concealment shall not be computed as any part of a period within which the action must be brought."

**{¶23}** In the instant case, the appellees presented evidence to the trial court of numerous efforts to obtain information from Cicchini Enterprises concerning the incident, but they received nothing in return. In fact, it wasn't until appellant filed discovery responses on January 31, 2011, that appellees finally learned that McDonald's Carnation, Inc. was the owner of the McDonald's where appellee Sarah McCoy fell. During a deposition of Edwin Davila, appellees learned that from 1993 until 2006, Cicchini Enterprises owned the McDonald's restaurant in question. In 2006, the franchise was transferred to McDonald's Carnation, Inc. However, the sole shareholder of both Cicchini Enterprises and McDonald's Carnation, Inc. is Guy Cicchini, and Cicchini Enterprises maintains all corporate records for McDonald's Carnation, performs all administrative services for McDonald's Carnation, secures liability coverage for McDonald's Carnation, and maintains incident reports for McDonald's Carnation.

**{¶24}** The trial court did not err in concluding that appellees' conduct was not frivolous. R.C. 2305.15(A) provides a potential tolling of the time in which an action must be brought under certain circumstances. Given that appellant provided absolutely no information to appellees despite the fact that appellees repeatedly asked for such information and such information was readily available to appellant, appellees had no way of knowing if any of the circumstances which might toll the statute of limitations were present in the instant case. Appellees action was not unwarranted under existing law, as R.C. 2305.15 could possibly have saved the action.

**{¶25}** The assignment of error is overruled.

**{¶26}** The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Wise, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r1221

[Cite as *McCoy v. Cicchini Ents., Inc.*, 2012-Ohio-1182.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SARAH McCOY, et al., | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CICCHINI ENTERPRISES, INC. | : | |
| et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2011CA00156 |

 

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to appellants.

 

 

_____

_____

_____

JUDGES